UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LISA STOKELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 3:11-CV-428 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 13 and 14] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Lisa Stokely seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On July 16, 2008, the Plaintiff filed an application for a period of disability, disability insurance benefits, and/or supplemental security income, claiming a period of disability which began September 30, 2007. [Tr. 110]. After her application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On March 10, 2010, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 28-42] On March 25, 2010, the ALJ found that the Plaintiff was not disabled. [Tr.12-21].

The Appeals Council declined the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. The Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since September 30, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: Hypertension; Obesity; Hyperlipidemia; Myalgias/Myositis; Restless leg syndrome; Diabetes; Depression; Anxiety; Vitamin D deficiency; Mild Degenerative Joint Disease in her knees (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(c), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

6. The claimant is capable of performing past relevant work as an accounting assistant. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

[Tr. 14-21].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

3

> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)

4

(quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

5

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.   POSITIONS OF THE PARTIES

The Plaintiff presents three allegations of error: (1) the ALJ erred in her evaluation of the Plaintiff's credibility under 20 C.F.R. § 404.1529; (2) the ALJ erred in evaluating the Plaintiff's fibromyalgia; and (3) the ALJ erred by not affording controlling weight to a statement from Jeffrey H. Fokens, M.D. The Plaintiff maintains that the ALJ's decision is, therefore, not supported by substantial evidence.

The Commissioner argues that the ALJ properly evaluated the Plaintiff's credibility and her subjective complaints and properly considered the nature of Plaintiff's impairments including her fibromyalgia. The Commissioner contends that the ALJ did not err in addressing Dr. Fokens's opinion, and the Commissioner maintains that the ALJ's decision is supported by substantial evidence.

## V.   ANALYSIS

The Court will address each of the Plaintiff's allegations of error in turn.

### A.   Credibility Determination

The Plaintiff argues that the ALJ was required to evaluate the Plaintiff's subjective symptoms and credibility under 20 C.F.R. § 404.1529. The Plaintiff argues that the ALJ failed to do so, and the Plaintiff argues that this case should be remanded based upon the failure to

6

analyze the subjective complaints and credibility under 20 C.F.R. § 404.1529. [Doc. 14 at 10].

The Commissioner responds that the ALJ complied with 20 C.F.R. § 404.1529 and properly explained her analysis under § 404.1529. The Commissioner maintains that pursuant to § 404.1529, a claimant must first present objective medical evidence of an underlying medical condition, and if a medically determinable condition exists, the ALJ must then decide if the objective medical evidence confirms the severity of the alleged symptoms or is of such severity that it could reasonably be expected to give rise to the alleged symptoms. [Doc. 16 at 4-5].

In pertinent part 20 C.F.R. § 404.1529 explains to a claimant, "In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." § 404.1529(a). It notes, "Your symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present." § 404.1529(b).

First, the ALJ must determine whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 404.1529(c)(1)-(c)(3); see also Rogers v. Comm'r of Social Sec., 486 F.3d 234, 247 (6th Cir. 2007). When a medically determinable impairment that could reasonably produce the alleged symptoms is found, the ALJ must then consider the intensity, persistence, and limiting effect of the plaintiff's symptoms. Id. Relevant factors in making this determination include: laboratory findings; objective medical evidence; the plaintiff's statements; statements from friends and family; daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; medicine and dosages; medication received for relief of

7

pain; any measures taken to alleviate pain; and other factors relating to functional limitations. Id.

Employing the standards outlined in 20 C.F.R. § 404.1529 and Social Security Ruling 96-7, the ALJ in this case found:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause *some* of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [finding that the Plaintiff retains the capacity to perform light work].

[Tr. 18].

In making this determination, the ALJ considered: (1) objective medical evidence, including the absence of a fibromyalgia diagnosis complying with the criteria established by the College of Rheumatology and contrasting the single diagnosis of fibromyalgia by Dr. Hovis with the numerous myalgia/myositis diagnoses from Dr. Flood and others at Cherokee Health Systems [Tr. 18-19]; (2) the Plaintiff's statements, including her repeated self-diagnosis of fibromyalgia [Tr. 19]; and (3) measures taken to alleviate pain, including the Plaintiff's failure to comply with her physicians' instructions that she lose weight and exercise [Tr. 19].

The undersigned finds that the ALJ complied with her duty under 20 C.F.R. § 404.1529, to first, consider the Plaintiff's underlying medically determinable impairment, and second, to consider the intensity of these symptoms. See Soc. Sec. Ruling 96-7. The ALJ did not issue a blanket assertion. She instead carefully considered the relevant statutory criteria and based her finding on the evidence in the record as a whole. See Rogers, 486 F.3d at 248. The ALJ complied with her statutory obligations.

The Court has considered the unique nature of fibromyalgia and its greater dependence on subjective evidence. See id. The Court, however, is mindful that the ALJ, not the reviewing

8

court, is to evaluate the credibility of witnesses, including the claimant. Id. at 247 (citing Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir.1997)). The Court's task is to evaluate the record on appeal and insure that the decision is supported by substantial evidence and procedurally compliant, and the credibility determination in this decision is both supported by substantial evidence and procedurally compliant.

Accordingly, the undersigned finds that the Plaintiff's allegation that the ALJ erred in her credibility determination is not well-taken.

**B.      Analysis of Fibromyalgia**

The Plaintiff next argues that the ALJ misconstrued the evidence regarding the Plaintiff's fibromyalgia.[1] The Plaintiff specifically references the ALJ's discussion of the fibromyalgia diagnostic criteria established by the American College of Rheumatology and maintains that the treatment notes from various physicians, taken as a whole, support a diagnosis of fibromyalgia under the American College of Rheumatology criteria. [Doc. 14 at 12-13].

The Commissioner responds that the ALJ faced conflicting medical evidence, and the ALJ, as trier of fact, properly performed her duty to resolve the conflict. The Commissioner further notes that the Plaintiff's impairment is only relevant to the disability analysis to the extent that it affects her ability to work. [Doc. 16 at 10].

As the Court noted early in this Report and Recommendation, it is immaterial whether the record possesses substantial evidence to support a different conclusion – in this instance, to support a finding of fibromyalgia – or whether the reviewing judge may have decided the case

---

[1] In large part, this second allegation attempts to re-argue the allegation of error concerning the credibility finding [see Doc. 14 at 13 (addressing credibility) and Doc. 14 at 14 (addressing compliance with Soc. Sec. Ruling 96-7p)]. To the extent the Plaintiff's second allegation references credibility, the Court's ruling on this issue is contained in its previous discussion found at Part V(A) of this Report and Recommendation.

9

differently. Crisp, 790 F.2d at 453 n. 4. The Court will not "try the case de novo." Walters, 127 F.3d at 528. The Plaintiff's position that the tender points found by Dr. Flood, Dr. Hovis, and an emergency room physician, taken together, could establish fibromyalgia under the American College of Rheumatology invites the Court to consider the evidence *de novo*, which the Court declines to do.

Moreover, the Court notes that even if it were to accept this invitation to re-weigh the evidence and find that the Plaintiff suffered from fibromyalgia, it would not change the outcome of this case, and any error in this regard would be harmless. The Commissioner is correct that a diagnosis alone will not establish disability, and the Court of Appeals for the Sixth Circuit has specifically held that "a *diagnosis* of fibromyalgia does not automatically entitle [a claimant] to disability benefits . . . ." Vance v. Comm'r of Social Sec., 260 Fed. App'x 801, 806 (6th Cir. 2008) (emphasis in the original).

Accordingly, the undersigned finds that the Plaintiff's allegation that the ALJ misconstrued the evidence relating to the Plaintiff's alleged fibromyalgia is not well-taken.

**C.     Opinion of Jeffrey H. Fokens, M.D.**

Finally, the Plaintiff argues that the ALJ erred by disregarding a statement by Jeffrey H. Foken, M.D., that the Plaintiff was "unable to work due to the pain she is in." [Doc. 14 at 16 (citing Tr. 509)]. The Plaintiff maintains that the ALJ did not properly evaluate the statement using the criteria identified in 20 C.F.R. § 404.1527(d). [Doc. 15 at 14].

The Commissioner responds that the statement was not disregarded. It was simply given "little weight" by the ALJ. The Commissioner argues that the statement says nothing of the Plaintiff's ability to perform work and "and is tantamount to a naked assertion that Plaintiff is disabled." [Doc. 16 at 11]. The Commissioner maintains that the ALJ properly considered the

10

statement and provided good reasons for giving it "little weight."

On May 22, 2008, Dr. Fokens composed a three-sentence letter addressed "To Whom It May Concern," stating: "Ms. Stokely is a patient here at Cherokee Health System and is under my care. At this time she is unable to work due to the pain she is in. Feel free to call Cherokee Health System at 544-0406, if you have any further questions." [Tr. 509].

The ALJ addressed this letter as follows:

> The undersigned is aware of the letter dated May 22, 2008 signed by Dr. Fokens stating the claimant was "unable to work due to the pain she is in." The question of whether the claimant is able to work, is of course, the definitive question herein, and is a question that is reserved for the Commissioner. Treating source opinion on issues that are reserved for the Commissioner are never entitled to controlling weight or special significance. The undersigned has placed little weight upon Dr. Fokens letter as it is not supported by the objective medical evidence and is contrary to the credibility findings made herein.

[Tr. 20 (internal citations omitted)].

Under the Social Security Act and its implementing regulations, if a treating physician's opinion as to the nature and severity of an impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it must be given controlling weight. 20 C.F.R.§§ 404.1527(d)(2) and 416.927(d)(2). Generally, when an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Opinions on issues of disability and issues reserved for the Commissioner are not medical opinions, and they are not entitled to controlling weight. See 20 C.F.R. §§ 404.1527(e)(1) and 416.927(e)(1).

Initially, the Court would note that the Commissioner does not dispute that Dr. Fokens is a treating physician. Thus, Dr. Fokens's opinion would be entitled to controlling weight if it were: (1) a medical opinion, (2) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (3) not inconsistent with the other substantial evidence. The opinion at issue is not a medical opinion; it is instead an opinion that the Plaintiff is disabled. It intrudes upon issues reserved for the Commissioner, and thus, it is not entitled to controlling weight. The ALJ stated the same in addressing the opinion. The Court finds that the ALJ properly considered the value of Dr. Fokens's statement under 20 C.F.R. §§ 404.1527 and 416.927, and found that it was entitled to little weight.

Accordingly, the Court finds that the Plaintiff's allegation of error regarding Dr. Fokens's statement is not well-taken.

## VI. CONCLUSION

Based on the foregoing, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of performing light work. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment **[Doc. 13]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 15]** be **GRANTED**.

                                        Respectfully submitted,

                                          s/ C. Clifford Shirley, Jr.
                                        United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).